1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8    UNITED STATES OF AMERICA,        )
                                      )
9              Plaintiff/Respondent,  )    CR  05-1336 PHX ROS
                                      )
10             v.                     )    CIV 06-1175 PHX ROS (MEA)
                                      )
11   APOLINAR ZARCO DUARTE,           )
                                      )    REPORT AND RECOMMENDATION
12             Defendant/Movant.      )
                                      )
13   _____ )

14   TO THE HONORABLE ROSLYN O. SILVER:

15             Mr. Apolinar Zarco Duarte ("Movant") is currently

16   confined at the Correctional Corporation of America facility in

17   Florence, Arizona, pursuant to his conviction by the United

18   States District Court for the District of Arizona.  On April 27,

19   2006, Movant filed a motion pursuant to 28 U.S.C. § 2255,

20   seeking a reduction of the sentence imposed.  See Docket No. 20.

21   Respondent filed a Response in Opposition to Motion for

22   Reduction of Sentence Under 28 U.S.C. § 2255 ("Response")

23   (Docket No. 26) on May 25, 2006.[1]

24

25

26

27   _____

28        [1] Movant's direct appeal of his conviction and sentence was filed on
     April 27, 2006, and his direct appeal is pending before the United States
     Ninth Circuit Court of Appeals.  See Docket No. 29.  Movant's opening brief
     on appeal is due on September 6, 2006.  See Docket No. 27.

### I.  Procedural History

On February 1, 2006, pursuant to a plea agreement, Movant pled guilty to one count of illegal entry after deportation.   Docket No. 14.   In the plea agreement Movant waived his right to appeal or collaterally attack his conviction and sentence if the sentence imposed was within the sentencing range specified in the plea agreement, i.e., from 10 to 71 months incarceration depending on the seriousness of Movant's prior state felony conviction.   See Docket No. 24 at 5 & 8.   In the plea agreement, Movant admitted he was previously convicted of the charge of possession of cocaine for sale.   See id. Movant did not and does not contest the fact that he committed the crime of illegal reentry after deportation while on supervised release for another crime in the District of Arizona. See id. at 8.[2] On April 28, 2006, Movant was sentenced to a term of 65 months incarceration.   See Docket No. 23.

Movant argues he is entitled to relief because his guilty plea "was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea." Docket No. 26 at 4.  As a factual basis for this assertion, Movant alleges only that he "signed a plea agreement and the Court give 65 months, and thats not what I signed.   I signed a plea agreement of 27 to 71 months.   I think that thats too much.   Thank you. (sic)"   Id.

Respondent contends Movant waived his right to appeal or collaterally attack his sentence.   Respondent also asserts

---

[2] See United States v. Zaco Duarte, 4:02 CR 2127 RCC JJM (Movant's prior conviction on the charge of illegal re-entry after deportation.

1  the only jurisdictional means by which the Court may modify

2  Movant's sentence is pursuant to 18 U.S.C. § 3582(c), which

3  allows for modification of a sentence if required by Rule 35,

4  Federal Rules of Criminal Procedure.  Because Movant's petition

5  is based on section 3582's provision for modification of a

6  sentence pursuant to Rule 35 and this rule does not provide a

7  basis for modification of Movant's sentence, Respondent argues

8  the section 2255 motion must be dismissed.

9          **II.   Discussion**

10         **A. Respondent contends the section 2255 motion must be denied because Movant waived his right to appeal or collaterally attack his conviction and sentence.**

12         The plea agreement signed by Movant expressly waived

13  his right to raise on appeal or collaterally attack any matter

14  pertaining to Movant's conviction and sentence if the sentence

15  imposed was consistent with the written terms of the agreement.

16  See Docket No. 24.  The plea agreement provides:

17             Defendant further waives: (1) any right to
               appeal the court's entry of judgment against
18             defendant; (2) any right to appeal the
               imposition of sentence upon defendant under
19             Tile 18, United States Code, Section 3742
               (sentence appeals); and (3) any right to
20             collaterally attack defendant's conviction
               and sentence under Title 28, United States
21             Code, Section 2255 or any other collateral
               attack.   Defendant acknowledges that this
22             waiver shall result in the dismissal of any
               appeal or collateral attack defendant might
23             file challenging his conviction or sentence
               in this case.

24  Id. at 5.

26         The sentence imposed on Movant was consistent with the

27  terms of the plea agreement, i.e., Movant received a sentence of

28  65 months imprisonment, within the applicable range of 27 to 71

                              -3-

months stated in the plea agreement.  See id. at 3-5; Docket No. 28.  The sentence is in accordance with the plea agreement and, therefore, Movant waived his right to collaterally attack his conviction and sentence.  Because Movant waived his right to bring this action, the section 2255 motion may be summarily denied.  See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).  See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).[3]

---

[3]  In Williams, the Eleventh Circuit states:

[E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.  See United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), cert. denied, 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000)... We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

396 F.3d at 1342.

However, some federal courts have concluded that a plea agreement which waives the right to file a direct appeal or a section 2255 motion is not enforceable if the waiver was involuntary.  See, e.g., Jeronimo, 398 F.3d at 1156 (concluding that the court did not have jurisdiction to consider the appeal of a defendant who had waived this right in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made"); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002); United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001) (concluding that a collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, stating: "Such agreements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful."); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).  Because Movant asserts he did not knowingly and voluntarily enter into the plea agreement, the Court will discuss the merits of this claim.

### B.  Voluntariness of plea agreement

To determine the validity of a guilty plea, the Court must ascertain whether the plea represented a voluntary and intelligent choice among the alternative courses of action open to the defendant.  See Hill v. Lockhart, 474 U.S. 52, 56, 106 S.

-5-

Ct. 366 (1985).

In the plea agreement itself and at the proceeding regarding entry of the guilty plea, Movant was informed that, by entering the plea agreement, he was giving up his right to appeal his conviction and sentence and to collaterally attack his conviction and sentence. During his plea colloquy, Movant indicated he knew he was relinquishing his right to appeal or collaterally attack his sentence by signing the plea agreement. See Docket No. 15. When Movant entered his guilty plea, the Court concluded Movant was knowingly and voluntarily entering a guilty plea. See id.

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See United States v. Timbana, 222 F.3d 688, 702 (9th Cir. 2002); United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) ("a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement].").  The Court may properly credit a defendant's testimony at a hearing regarding entry of a guilty plea over any subsequent declarations to the contrary. See United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984).

Because Movant was adequately informed of the consequences of his plea, his guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). Because Movant stated at the time of his guilty plea that the plea was knowing and

voluntary, the Court concludes the plea was voluntary and made intelligently. <u>See Chizen v. Hunter</u>, 809 F.2d 560, 562 (9th Cir. 1986); <u>United States v. Kamer</u>, 781 F.2d 1380, 1383 (9th Cir. 1986). <u>See also</u> <u>United States v. Rubalcaba</u>, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity").

### C. Movant's section 2255 petition is not ripe.

Although not argued by Respondent, the Court further concludes Movant's section 2255 action may, alternatively, be dismissed without prejudice because a direct appeal of Movant's conviction and sentence is pending before the Ninth Circuit Court of Appeals.

> ... for reasons of judicial economy, "'[a] district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court.'" <u>United States v. Deeb</u>, 944 F.2d 545, 548 (9th Cir. 1991) (quoting <u>Feldman v. Henman</u>, 815 F.2d 1318, 1320 (9th Cir. 1987)), <u>cert. denied</u>, 503 U.S. 975, 112 S. Ct. 1597, 118 L. Ed. 2d 312 (1992).

<u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997).[4]

---

[4] In an unpublished opinion Judge Campbell concluded:

"'Except under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.) [] <u>See also</u> Rule 5, Rules Governing Section 2255 Proceedings, Advisory Committee Note ("[T]he courts have held that [a § 2255 motion] is inappropriate if the movant is simultaneously appealing the decision."). There are no unusual circumstances that would justify an exception to this rule. Accordingly, the § 2255 Motion will be dismissed without prejudice.

<u>United States v. Jackson</u>, 2006 WL 1418552, at *1 (D. Ariz.) (some internal citations omitted).

-7-

Although a section 2255 action might be available to Movant prior to the resolution of his direct appeal as a means of raising an ineffective assistance of counsel claim, <u>see</u> <u>id.</u>, Movant does not raise an ineffective assistance claim in his section 2255 petition at Docket No. 19.

### III.  Conclusion

Movant waived his right to collaterally attack his sentence in the plea agreement and, therefore, the Court may dismiss this action with prejudice because Movant has not established his plea agreement and guilty plea were unknowing or involuntary.  Alternatively, the Court may dismiss the petition without prejudice because Movant has a direct appeal pending before the United States Ninth Circuit Court of Appeals.

**IT IS THEREFORE RECOMMENDED** that Mr. Zarco Duarte's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to

the objections.   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S. 900 (2003).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 30th day of June, 2006.


_____
Mark E. Aspey
United States Magistrate Judge